**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**FILED**
JEFFREY A. APPERSON, CLERK

MAR – 4 2009

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CIVIL ACTION NO. 06-411-C

DELBERT E. NORTON, JR., ET UX.,                                    PLAINTIFFS,

V.                                        **JURY INSTRUCTIONS**

CANADIAN AMERICAN TANK LINES, ET AL.,                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

INSTRUCTION NO. 1

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these Instructions is to be taken as an indication that I have an opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

INSTRUCTION NO. 2

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

INSTRUCTION NO. 3

Do not let bias, prejudice, or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

A corporation is held to the same duties and the same measure of liability under the law as an individual.  Under the law, a corporation is a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

INSTRUCTION NO. 4

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "Evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollections and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO.  5


There are two types of evidence you may consider.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence, which is the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.  The law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

INSTRUCTION NO. 6

Now, I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to a witness's testimony.  In weighing the testimony of a witness you should consider the witness's relationship to the plaintiff or to the defendant; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 7

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 8

You have heard the testimony of several witnesses who expressed opinions. A witness who has specialized knowledge due to knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

You do not have to accept the opinions expressed by these witnesses. In deciding how much weight to give a witness's opinion, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe and how much weight it deserves.

INSTRUCTION NO. 9

Certain testimony has been presented to you through deposition.  A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Some time before this trial, attorneys representing the parties in this case questioned certain witnesses under oath.  A court reporter was present and recorded the testimony.  The questions and answers were read, or shown, to you during the trial.  This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if the witness had been present and had testified from the witness stand here in court.

INSTRUCTION NO. 10


The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

INSTRUCTION NO. 11


Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

INSTRUCTION NO. 12

The plaintiffs claim that the defendants were negligent and that such negligence was a legal cause of the damages sustained by the plaintiffs. The burden is on the plaintiffs, Gene and Kelly Norton, to prove every essential element of their claim by a "preponderance of the evidence."

The defendants claim that Gene Norton was also negligent and that such negligence was a legal cause of his injuries. The defendants have the burden of proving that claim by a preponderance of the evidence.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

INSTRUCTION NO. 13


There are two defendants, Canadian American Tank Lines and Michel Picard. Canadian American Tank Lines is sued as principal, and Michel Picard is sued as the principal's agent. The defendants admit that this agency relationship exists. If you find that Michel Picard is liable, then the principal, Canadian American Tank Lines, is liable. If you find that Michel Picard is not liable, then Canadian American Tank Lines is not liable.

INSTRUCTION NO. 14

It was the duty of the defendant, Michel Picard, to exercise ordinary care for the safety of other persons using the road, including the plaintiff, Gene Norton.  The court finds, as a matter of law, that in parking his vehicle on Decimal Drive under the circumstances of this case, the defendant, Michel Picard, failed to exercise ordinary care by leaving his vehicle standing on the traveled portion of a roadway.

If you are satisfied by a preponderance of the evidence that the failure of the defendant, Michel Picard, to exercise ordinary care was a substantial factor in causing the accident, you will find for the plaintiffs, Gene Norton and Kelly Norton, on their claim against the defendants.  Otherwise, you will find for the defendants.

INSTRUCTION NO. 15

As used in these instructions, "ordinary care" means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

As used in these instructions, whether conduct was a "substanti al factor" in causing the plaintiff's  harm refers to whether the conduct had such an effect in producing the harm as to lead reasonable persons to regard the conduct as a cause of the harm.  This designation is intended to separate a "substantial  factor" from the many other events or actions without which the harm would not have occurred but which, because of their insignificant contribution to harm, would not be thought of as causes of the harm by the ordinary mind.

INSTRUCTION NO. 16

It was the duty of the plaintiff, Gene Norton, to exercise ordinary care for his own safety, and this general duty included the following specific duties:

a.   to keep a lookout ahead for other vehicles in front of him or so near his intended line of travel as to be in danger of collision;

b.   to have his automobile under reasonable control;

c.   to exercise ordinary care generally to avoid collision with other persons and vehicles using the highway; and

d.   to wear a seat belt while operating his vehicle.

If you are satisfied by a preponderance of the evidence that the plaintiff, Gene Norton, failed to comply with one or more of these duties and that such failure was a substantial factor in causing the accident or his injuries, you will determine the plaintiffs' damages and the percentage of fault attributable to each party.

INSTRUCTION NO. 17

If you determine that both Michel Picard and Gene Norton are at fault, then you shall determine from the evidence and indicate in the blanks provided on Interrogatory No. 5 the percentage of total fault for the accident that is attributable to each of the parties.

In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between his conduct and the damages claimed.

INSTRUCTION NO. 18

If you find that the defendant is liable to the plaintiffs, then you must determine an amount that is fair compensation for all of the plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiffs whole – that is, to compensate the plaintiffs for the damage that they have suffered. Compensatory damages are not limited to expenses that Gene Norton may have incurred because of his injury. If the plaintiffs win, Gene Norton is entitled to compensatory damages for the physical injury, pain and suffering, as well as the mental anguish, shock and discomfort and the lost wages, that he has suffered or will suffer because of the defendant's conduct, and Kelly Norton is entitled to compensatory damages for loss of consortium as defined in Instruction No. 20.

You may award compensatory damages only for injuries that the plaintiffs prove were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiffs' damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiffs have actually suffered or that they are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guess-work. On the other hand, the law does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the

circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

INSTRUCTION NO. 19

If you find for Gene Norton, you will determine from the evidence and award him in Interrogatory No. 3 the following amounts:

(1)    a sum of money that will fairly compensate him for whatever necessary and reasonable expenses for medical services you believe from the evidence he has incurred or is reasonably certain to incur in the future as a direct result of his injuries;

(2)    a sum of money that will fairly and reasonably compensate him for whatever physical and mental suffering you believe from the evidence he has sustained or is reasonably certain to endure in the future as a direct result of his injuries;

(3)    a sum of money that will fairly and reasonably compensate him for such loss of wages and income as you believe from the evidence he sustained directly by reason of his injuries; and

(4)    a sum of money that will fairly and reasonably compensate him for such loss or impairment of his power to earn money in the future as you believe from the evidence he has suffered directly by reason of his injuries.

INSTRUCTION NO. 20


If you find for Gene Norton, you will also determine from the evidence and award Kelly Norton a sum of money that will fairly and reasonably compensate her for whatever loss of services, assistance, aid, society, companionship, and conjugal relationship of her husband you believe from the evidence she has sustained or is reasonably certain to sustain in the future as a direct result of Gene Norton's injuries.

INSTRUCTION NO. 21

You should not interpret the fact that I have given you instructions concerning the issue of the plaintiffs' damages as an indication that I believe the plaintiffs should, or should not, prevail in this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiffs are entitled to recover money from the defendant.

INSTRUCTION NO. 22

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 23

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and speak for you here in court.  A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Court Security Officer, who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.  For example, you should not tell anyone that you are split 6-2, or 4-4, or whatever any division may be at that particular time.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-411-C**

**DELBERT E. NORTON, JR., ET UX.,**                                           **PLAINTIFFS,**

**V.**                                                 **VERDICT**

**CANADIAN AMERICAN TANK LINES, ET AL.,**                          **DEFENDANTS.**

* * * * * * * * *

INTERROGATORY NO. 1

Are you satisfied by a preponderance of the evidence that the failure of Michel

Picard to exercise ordinary care was a substantial factor in causing the accident?

YES _____                          NO _____

_____
FOREPERSON

_____
DATE

If you have answered YES to this Interrogatory No. 1, PLEASE PROCEED to

Interrogatory No. 2.  If you have answered NO to this Interrogatory No. 1, you should

GO NO FURTHER and notify the Court Security Officer that you have reached a

verdict.

INTERROGATORY NO. 2

Are you satisfied by a preponderance of the evidence that Gene Norton failed to comply with one or more of the duties set forth in Instruction No. 16 and, if so, that such failure was a substantial factor in causing the accident or his injuries?

YES _____          NO _____

_____
FOREPERSON

_____
DATE

Please proceed to Interrogatory No. 3.

INTERROGATORY NO. 3

Without regard to the apportionment of fault, what sum or sums of money do you believe will fairly and reasonably compensate Gene Norton for such of the following damages as you believe from the evidence he has sustained directly by reason of the accident:

a. Past Medical Expenses (not to exceed $677,212.80)

$_____

b. Future Medical Expenses (not to exceed $1,794,922.00)

$_____

c. Lost Wages (not to exceed $122,757.80)

$_____

d. Impairment of Earning Capacity (not to exceed $1,181,662.20)

$_____

e. Past Mental and Physical Suffering (not to exceed $1,000,000.00)

$_____

f. Future Mental and Physical Suffering (not to exceed $3,000,000.00)

$_____

_____
FOREPERSON

_____
DATE

Please proceed to Interrogatory No. 4.

INTERROGATORY NO. 4

Without regard to the apportionment of fault, what sum of money do you believe will fairly and reasonably compensate Kelly Norton for such of the following damages as you believe from the evidence she has sustained directly by reason of the accident:

a.    Loss of Consortium (not to exceed $1,500,000.00)

$_____

_____

FOREPERSON

_____

DATE

If you answered YES to Interrogatory No. 2, PLEASE PROCEED to Interrogatory No. 5. If you answered NO to Interrogatory No. 2, GO NO FURTHER and notify the Court Security Officer that you have reached a verdict.

INTERROGATORY NO. 5

We, the jury, assess the following percentages of total fault attributable to each of the parties:

Gene Norton          _____ %

Michel Picard        _____ %


TOTAL                100 %



_____
FOREPERSON


_____
DATE



Please proceed no further and notify the Court Security Officer that you have reached a verdict.