UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 06-411-C**

**DELBERT E. NORTON, JR., ET UX.,**                                                       **PLAINTIFFS,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**CANADIAN AMERICAN TANK LINES, ET AL.,**                    **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the proposed orders and accompanying memoranda of law submitted by the parties pursuant to court order.

I.    **Background**

Plaintiff Delbert Norton was injured when the vehicle he was driving collided with the back of a tanker-trailer, which had been parked partially in the road. The tanker-trailer had been parked by defendant Michel Picard, who was driving it for defendant Canadian American Tank Lines ("Canadian"). Plaintiffs Delbert Norton and his wife Kelly Norton brought this action alleging that Picard was negligent in the parking of his vehicle and that this negligence was the proximate cause of Norton's injuries. Plaintiffs alleged that Picard was negligent both because he violated a statute and because he breached a general duty of care. Kelly Norton also brought a claim for loss of consortium. The defendants countered that Delbert Norton was negligent due to failure to wear a seat belt, and that the lack of a seat belt significantly contributed to his injuries. Prior to trial, the court determined that

Picard had violated a statute and was negligent as a matter of law.

This matter was tried to a jury to determine damages and the relative faults of Delbert Norton and of Michel Picard. The jury determined that the damage suffered by Kelly Norton for loss of consortium was $400,000 and that total damages to Delbert Norton were $3, 864,970.60. The jury found that Picard was sixty-five percent at fault and Delbert Norton was thirty-five percent at fault for the accident and Delbert Norton's resulting injuries.

Following the jury's verdict, the court directed the parties to submit to the court a joint proposed judgment. The parties were unable to reach agreement as to two issues: (1) whether the jury's apportionment of liability applies to reduce Kelly Norton's award for loss of consortium; and (2) whether the jury's apportionment of fault applies to reduce costs owed to the plaintiffs by the defendants.

**II.     Analysis**

    A.     Apportionment of Fault Applies to Reduce Award for Loss of Consortium.

First the court must determine whether the jury's apportionment of liability applies to reduce Kelly Norton's award for loss of consortium. There is no case applying Kentucky law that resolves this question. The parties agree that its resolution turns on whether a claim of loss of consortium is an independent cause of action or is considered derivative of the injured spouse's claim.

The plaintiffs argue that because loss of consortium is an independent cause

of action and because the theory behind comparative fault is that the claimant "may recover for damages which are not attributable to his or her own negligence," the court should not reduce Kelly Norton's award by the percentage of fault the jury attributed to Delbert Norton.

The defendants contend that although loss of consortium is a separate cause of action, it is also derivative in that it flows from the injuries suffered by the injured spouse, so that reduction by thirty-five percent is appropriate.

Kentucky law is clear that loss of consortium is derivative of an injured plaintiff's claim. *See Daley v. Reed*, 87 S.W.3d 247 (Ky. 2002) (holding that money to pay damages for a loss of consortium claim must come from damages allowable under insurance policy for injured plaintiff's damages; i.e., where damages of $50,000 allowed by policy per person, both spouse's and injured plaintiff's damages would come from that sum); *Godbey v. Univ. Hospital of Albert B. Chandler Medical Center, Inc.*, 975 S.W.2d 104, 106 (Ky. Ct. App. 1998) ("As far as the claim of Mrs. Godbey to damages for loss of consortium, if no causation is established for the injuries which she alleges caused her loss, no recovery can be had. Her cause of action is derivative of her husband's.").

The plaintiffs are correct that Kentucky courts consider a loss of consortium claim independent from the injured spouse's claim for some purposes. These holdings do not address the Kentucky approach to whether the loss of consortium claim flows from the claim of the injured spouse. The cases cited by the plaintiffs

3

establish that loss of consortium is a separate cause of action, not that it is wholly independent and distinct. That the Kentucky loss-of-consortium statute establishes its own statute of limitations (*Floyd v. Gray*, 657 S.W.2d 936 (Ky. 1983)), and is for damages separate from the injured spouse's (*Kotsiris v. Ling*, 451 S.W.2d 411 (Ky. 1970)) does not change the notion that a loss-of-consortium claim is derivative of the injured spouse's underlying claims. A claim for loss of consortium can be "separate" for some purposes, yet also derivative. *See, e.g.*, *Tuggle v. Allright Parking Sys.*, 922 S.W.2d 105, 108-09 (Tenn. 1996).

Plaintiffs also cite *Rivas v. Doering*, No. 01-346, 2002 WL 1313127 (W.D. Ky. May 22, 2002), an unpublished federal case, as support for their argument. This case is not persuasive. In *Rivas*, the decedent's children brought a loss-of-consortium claim several years after the decedent's estate had filed and settled a wrongful-death action, and the defendant argued that the action was barred by either claim preclusion or issue preclusion. *Rivas,* at *1. The court found that the case was not barred by claim preclusion because the executor of the estate had no standing to raise the claim. *Id.* at *2.

The court also found that the loss-of-consortium claim was not barred by issue preclusion because although the wrongful-death suit had also put at issue the defendant's negligence in treating the decedent, the issue of negligence was not litigated or decided because the case was voluntarily dismissed with prejudice. *Id.* at *3. Importantly, the court did not hold that the negligence had already been

4

litigated and was dispositive of the loss-of-consortium claim.

This case therefore does not support a view of loss of consortium as a wholly independent cause of action. Those states that do subscribe to this view treat a loss-of-consortium claim and the injured spouse's claim as so independent that despite the fact that one spouse has already lost a negligence claim against the defendant, the other spouse could proceed and his or her claim was not barred by res judicata. *See Feltch v. General Rental Co.*, 421 N.E.2d 67,71 (Mass. 1981).

Reduction of a loss-of-consortium award according to the injured spouse's share of fault is consistent with the principles of comparative fault. The plaintiffs are correct that comparative fault was originally adopted in Kentucky so that a plaintiff would bear only those costs attributable to her negligence. *See Hilen v. Hays*, 673 S.W.2d 713, 720 (Ky. 1984) (holding that a plaintiff's contributory negligence would no longer bar recovery but "shall reduce the total amount of the award in the proportion that the claimant's contributory negligence bears to the total negligence that caused the damages"). But this purpose was so stated because the alternative at the time – common-law contributory negligence – was a complete bar to plaintiff's recovery. More modern authorities discuss the analogous principle: a defendant shall not pay more of damages than can be attributed to his negligence. *See Regenstreif v. Phelps*, 142 S.W.3d 1, 6 (Ky. 2004) ("The core principle of comparative negligence is that one is liable for an

amount equal to his degree of fault, no more and no less.").[1]

Furthermore, Kentucky's comparative fault statute uses neutral language that does not suggest that only a negligent plaintiff's damages should be reduced. According to the statute, after the jury determines the "percentage of total fault of all the parties to each claim that is allocated to each claimant, defendant, [etc.]," then "[t]he court shall determine the award of damages to each claimant in accordance with the [jury's] findings . . . and shall determine and state in the judgment each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault." K.R.S. § 411.145  At least one court has found language in the comparative negligence statute to support its holding that a non-negligent spouse's damages cannot be reduced according to the injured spouse's fault. *See Feltch*, 421 N.E.2d at 71 (finding persuasive the comparative negligence statute's providing that "in determining by what amount a negligent plaintiff's damages are to be diminished, 'the negligence of each plaintiff shall be compared to the total negligence of all persons against whom recovery is sought'.").

Reducing an award for loss of consortium according to the fault apportioned to the injured spouse is the rule followed in the majority of states. *See Tuggle*, 922 S.W.2d at 108-09.  Such a rule is "consistent with [Kentucky] decisions describing

---

[1]And the plaintiffs have not argued that the defendants do not have the same defenses against a loss-of-consortium claim as they would have against the injured plaintiff.

6

a loss of consortium claim as derivative" and is "consistent" with the principles of comparative fault. *Tuggle*, 922 S.W.2d at 109. Therefore, Kelly Norton's award for loss of consortium should be reduced by thirty-five percent, the amount of fault attributed by the jury to Delbert Norton.

> B.   Apportionment of Fault Does Not Apply to Decrease the Costs Awarded to the Plaintiffs

Rule 54 creates a presumption "in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).[2] "The unsuccessful party must show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. App'x 730. Resolution of this issue rests entirely within the court's discretion. *See Knology, Inc. v. Insight Communications Co.*, 460 F.3d 722, 727-28 (6th Cir. 2006).

In making its determination, the court should consider "the size of the successful litigant's recovery" and "the ability of the prevailing party to pay his or her own costs." *McDonald*, 409 F.3d at 732. Additional factors the court may consider, but "in absence of other factors 'do not warrant an exercise of discretion

---

[2]Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."

7

under Rule 54(d)" are the good faith of the losing party and "propriety with which losing party conducts the litigation." *McDonald*, 409 F.3d at 732 (quoting *White & White*, 786 F.2d at 730).  A court may also consider whether the case was "close and difficult;" however, even when a case is "close and difficult," the court may still award full costs. *Id.*

Here, the defendants have not overcome the presumption in favor of awarding costs to the plaintiffs.  The size of the plaintiffs' recovery, while significant, is not so substantial as to weigh in favor of their paying their own costs.  The defendants do not argue that they are unable to pay costs.  The court finds no reason to exercise its discretion to deny the plaintiffs full costs.

### III.  Conclusion

**IT IS ORDERED** that the court will enter judgment in accord with this opinion by separate order.

Signed on  April 2, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**