UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 06-411-C

DELBERT E. NORTON, JR., ET UX.,                                        PLAINTIFFS,

V.                          MEMORANDUM OPINION AND ORDER

CANADIAN AMERICAN TANK LINES, ET AL.,                      DEFENDANTS.

* * * * * * * * * *

This matter is before the court upon the defendants' motion to approve a
supersedeas bond and stay enforcement of the judgment (R. 115). The court will
grant the defendants' motion for a supersedeas bond for an amount equaling the
total damages and excluding costs or other additional fees. The court also will
sustain the defendants' objections to the plaintiffs' request for costs (R. 120).

I.      BACKGROUND

On April 3, 2009, this court entered judgment in favor of plaintiff Delbert
Norton in the amount of $2,512,230.89 and in favor of plaintiff Kelly Norton in the
amount of $260,000.00. The court awarded costs to the plaintiffs. On May 5,
2009, the plaintiffs filed an accounting of costs, totaling $23,155.26. R. 112.
Both the plaintiffs and the defendants have filed notices of appeal. See R. 111, R.
113.

The defendants move the court to stay enforcement of the judgment pending
the exhaustion of the defendants' appeal and propose a cash supersedeas bond in
the amount of $2,772,230.89, which is the sum of damages awarded to the

plaintiffs, to be tendered to the Clerk of the United States District Court for the Western District of Kentucky and held in an interest-bearing account.  The plaintiffs do not object to the stay.  However, plaintiffs request that the cash bond include not only the damages, but also their costs and a sufficient sum to "cover any anticipated differential between the statutory rate of interest on the judgment and the actual interest earned while in the Court's registry."  R. 116.

## II.    ANALYSIS

The only issue before the court for resolution is whether, in addition to the full amount of damages, the bond should also include costs and a sum to cover "any anticipated differential" between the rate of post-judgement interest and the anticipated interest on the deposit.

A.    Costs

Typically, a bond would include costs.  "Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required."  *Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998)(citing *Poplar Grove Planting and Ref. Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)).  "Courts generally require that the amount of the [supersedeas] bond include the full amount owed under the award, post-judgment interest, attorney's fees and costs."  *Verhoff v. Time Warner Cable, Inc.*, No. 05-CV-7277, 2007 WL 4303743, at * 3 (N.D. Ohio Dec. 10, 2007); *see Hoge v. Honda of Amer., Mfg.,*

*Inc.*, No. 00-CV-995, 2003 WL 1338227 (S.D. Ohio March 3, 20033) (including in supersedeas bond damages, costs, and attorney fees from trial-level proceedings).

In objecting to the plaintiff's bill of costs, the defendants argued that the plaintiffs had waived their costs through counsel's failure to comply with Local Rule 54.3 and 28 U.S.C. § 1924.  The court therefore ordered further briefing in order to allow the plaintiffs to respond to these arguments so that it could resolve this issue of costs.[1] The matter is now ripe for resolution.

 The plaintiffs admit that they failed to timely file a procedurally adequate bill of costs and concede that a bill of costs could have been filed in compliance with the rules.  Local Rule 54.3 provides:

> The prevailing party must file a Bill of Costs with the Clerk and serve a copy of the Bill on each adverse party within thirty (30) days of entry of judgment. If the Bill of Costs is not filed within thirty (30) days, costs, other than those of the Clerk, taxable pursuant to 28 U.S.C. § 1920, shall be waived.  The Court may, on motion filed within the time for filing of the Bill of Costs, extend the time for filing.

---

[1]Resolution of costs prior to their being taxed by the Clerk is not the usual procedure.  *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415 (6th Cir. 2005) ("The usual procedure is for the clerk to fix the costs, after which a motion may be made for judicial review of the clerk's decision.  The motion must be served within five days after the clerk has taxed the costs." (citing Fed. R. Civ. P. 54(d)(1)).  However, a district court "has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk based on the permissive language of Rule 54, the language of [28 U.S.C.] § 1920, and the fact that any decision by the clerk would have been subject to *de novo* review by the district court."  *BDT Prods.*, 405 F.3d at 418-19.  The court determined that it could not resolve the issue of how much to set for the supersedeas bond, where plaintiffs claimed it should include costs and defendants argued that plaintiffs were entitled to no costs, without first resolving whether and to what extent the plaintiffs were entitled to costs.

The plaintiffs did not move for an extension within the time for filing and acknowledge that the May 5, 2009, filing was two days late.  In addition, the filing was incomplete in that it failed to comply with 28 U.S.C. § 1924, which provides:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

The May 5th filing did not include an affidavit verifying the plaintiffs' costs, although the plaintiffs have since filed an affidavit verifying the costs, including an itemization of costs and invoices. *See* R. 119, 112, 121.  The plaintiffs do not dispute that the provisions quoted above apply, so the question becomes whether the plaintiffs are entitled to costs despite their non-compliance with the provisions. The court concludes that, as a general principle, the Rules must be enforced and because the plaintiffs have not convinced the court otherwise, they are denied costs.

"Rules of practice adopted by the district courts have the force and effect of law, and are binding not only upon the parties, but also upon the court which adopted them." *Green Constr. Co. v. Williams Form Eng'g Corp.*, 101 F.R.D. 12, 13 (D.C. Mich. 1984) (citing *Woods Constr. Co. v. Atlas Chem. Indus., Inc.*, 337 F.2d 888 (10th Cir. 1964)).  Enforcement of the rule promotes the court's interest in ensuring the finality of judgments.  *Dickinson Supply, Inc. v. Montana-Dakota Utils. Co.*, 423 F.2d 106, 110 (8th Cir. 1970).  Numerous federal appellate and trial courts have held that failure to file a bill of costs within the time allowed by a

4

local rule results in waiver. *See Schake v. Colt Inds. Operating Corp. Severance Plan*, 960 F.2d 1187 (3d Cir. 1992) (vacating award of costs because, among other reasons, local rule required bill of costs within ten days of judgment and filing made more than three months after judgment entered). *See also*, *e.g.*, *Quarles v. Oxford Mun. Separate Sch. Dist.*, 868 F.2d 750 (5th Cir. 1989); *Woods*, 337 F.2d 888; *Fargo Biltmore Motor Hotel Corp. v. Best Western Int'l*, 742 F.2d 459 (8th Cir. 1984); *Doran v. United States*, 475 F.2d 742 (1st Cir. 1973); *Dickinson Supply, Inc.*, 423 F.2d 106; *Stronach v. Va. State Univ.*, 577 F. Supp. 2d 788 (E.D. Va. 2008); *Wild v. Alster*, No. 01-CV-479, 2005 WL 1458283, at *2 (D.D.C. June 17, 2005); *Green Constr. Co.*, 101 F.R.D. 12.

While these opinions are not binding on this court, they are persuasive, and the defendants have effectively distinguished those opinions that might persuade the court to rule otherwise. *See Castro-Vega v. Waible*, No. 07-675, 2008 WL 2704457 (D. Or. 2008) (adopting magistrate judge's recommendation to accept two-day-late bill of costs where defendants in default and would not have responded regardless of when filed).

Furthermore, the court will not construe a filing of late documents as a Rule 6(b)(1)(B) motion to accept the bill of costs as timely due to "excusable neglect." *See Inst. for Policy Studies v. U.S.C.I.A.*, 246 F.R.D. 380 (D.D.C. 2007) (finding that "[i]t is an abuse of the court's discretion to consider an untimely filing in the absence of such a motion"); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896-97 (1990) (discussing Rule 6(b)(1)(B) and reversing appellate court that found

5

district court had abused its discretion in refusing to consider untimely affidavits). *Cf. Castro-Vega*, at *2 (construing request for consideration of motion for attorney's fees filed two days late as request under Rule 6(b)(1)(B) to allow filing after expiration of deadline due to "excusable neglect" and granting request where defendants in default and made no objection).[2]

Even if it were to consider the issue, the court could not conclude that the plaintiffs' counsel's neglect was "excusable." "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Excusable neglect is a "strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). Because the plaintiffs offer no explanation other than their own mistake or inadvertence, this case is not an extraordinary one, and the plaintiffs' neglect would not be excusable.

The court therefore concludes that it must enforce Local Rule 54.3, treat the untimely filing as a waiver, and deny plaintiffs all costs, except those of the Clerk.

---

[2]*Lujan* contains an informative discussion of Rule 6(b)(1)(B), noting that Rule 6 contains the "mechanism by which [the court's] discretion is to be invoked" and describing the contortions the court would have to go through in the absence of a Rule 6(b)(1) motion. *See Lujan*, 497 U.S. at 896-97 ("[T]he District Court would have had to regard the very filing of the late document as the 'motion made' to file it; it would have had to interpret 'cause shown' to mean merely "cause," since respondent made no "showing" of cause at all; and finally, it would have had to find as a substantive matter that there was indeed 'cause' for the late filing, and that the failure to file on time 'was the result of excusable neglect.'").

B.    Post-Judgment Interest

The plaintiffs also request a sufficient sum to "cover any anticipated differential between the statutory rate of interest on the judgment and the actual interest earned while in the Court's registry" (R. 116); however, they do not suggest what such a sum might be.  The defendants respond that the post-judgment interest rate on the judgment is fixed at 0.59% and the funds deposited with the Clerk are certain to accrue interest at a rate higher than that rate.  The court agrees.  The Clerk is required to deposit funds in an interest-accruing account, *see* Fed. R. Civ. P. 67, and so any additional sum to cover interest is unnecessary.

III.    **CONCLUSION**

Accordingly, **IT IS ORDERED:**

(1)    The defendants' objections to the plaintiffs' costs are **SUSTAINED** and the plaintiffs' claimed costs are **DENIED**.

(2)    The defendants' motion for supersedeas bond (R. 115) is **GRANTED**.

(3)    Within ten days of the date of entry of this order, the defendants shall cause their insurer to tender the sum of $2,772,230.89 to the United States District Clerk for the Western District of Kentucky.  The Clerk is directed to deposit these funds into an interest-bearing account.

(4)    Any efforts to collect upon or otherwise enforce the Judgment (D.E. 109) are **STAYED** effective immediately and until such time as the defendants have exhausted their appellate remedies.

(5)    The distribution of the funds deposited with the Clerk pursuant to the terms of this order will be directed by further orders of this court upon final resolution of the appeals taken from this court's Judgment herein.

Signed on  September 28, 2009

**Jennifer B. Coffman, Judge**
**United States District Court**